UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:14-CV-00723-GNS

EMILY D. KLOTZ												PLAINTIFF

v.

MARJORIE SHULAR, et al.											DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon the Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment (DN 11) filed by Defendants Marjorie Shular ("Shular") and Penny Jewell's ("P. Jewell"), and the Motion for Judgment on the Pleadings filed by Defendants Rick Jewell ("R. Jewell") and the City of Taylorsville ("City") (DN 13). These motions are fully briefed and ripe for adjudication. For the reasons stated below the Court **GRANTS** both motions and **REMANDS** this case to Spencer Circuit Court.

### I.   STATEMENT OF FACTS AND CLAIMS

On April 13, 2015, Plaintiff Emily D. Klotz ("Klotz") arrived at the Department for Community Based Services ("DCBS") in Taylorsville to inquire about a free cellular telephone that she had been advised by DCBS would be available for her to pick up that day. (Compl. 3, DN 1-2). Believing that the errand would take no more than a minute, she left her sleeping infant son in the car. (Compl. 3). The car remained fully in her view through the large window of the DCBS office, and the outside temperature was approximately 69°F. (Compl. 3). Once inside, a DCBS worker informed Klotz that no one was aware of her appointment to receive the phone

and that the worker would investigate the situation. (Compl. 3). Now realizing that the errand would take more than one minute, she retrieved her son and brought him into the DCBS office with her. (Compl. 3). Her attempt to get a phone, at that time, was ultimately unsuccessful. (Compl. 3).

Following her departure from the DCBS office, Shular, P. Jewell, and R. Jewell called Klotz's father and ex-boyfriend and informed them, falsely, that Klotz's phone was ready to be picked up following her endorsement of a document. (Compl. 4). Having received the message from her ex-boyfriend, Klotz returned to DCBS. (Compl. 4). She again believed that the errand would take only a minute, and again left her infant son in the car while she walked into the DCBS office. (Compl. 4). After arriving inside the office, Shular and P. Jewell verbally attacked her and told her that it would be illegal for her to leave. (Compl. 4). Believing them, Klotz retrieved her son and returned to the DCBS office where R. Jewell—a City police officer—handcuffed, arrested, and charged Klotz with two counts of Wanton Endangerment, 2nd Degree. (Compl. 2, 4).

Klotz asserts in her Complaint that Shular, P. Jewell, and R. Jewell "interjected themselves in the criminal proceedings . . . by wrongfully attempting to delay, and by appearing at pretrial conferences and attempting to induce EMILY D. KLOTZ to stipulate to probable cause." (Compl. 5). Ultimately, the Spencer District Court dismissed the case against Klotz. (Compl. 5).

Shular and P. Jewell filed their motion on January 16, 2015. (Defs.' Mot. to Dismiss, or, in the Alternative, Mot. for Summ. J., DN 11 [hereinafter Defs.' Mot. to Dismiss]). Klotz has responded (Pl.'s Resp. to Defs.' Mot. to Dismiss, DN 16), and Shular and P. Jewell have filed a reply in support of their motion (Defs.' Reply in Supp. of Defs.' Mot. to Dismiss, DN 22). R.

Jewell and the City also filed their motion on January 16, 2015. (Defs.' Mot. for J. on the Pleadings). Klotz has responded (Pl.'s Resp. to Defs.' Mot. for J. on the Pleadings, DN 17), and R. Jewell and the City have filed a reply in support of their motion (Reply in Supp. of Defs.' Mot. for J. on the Pleadings, DN 23). Both motions are thus ripe for ruling.

## II.     JURISDICTION

The complaint in this matter alleges violations of federal law. This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Court also has supplemental jurisdiction over Plaintiff's pendent state law claims. *See* 28 U.S.C. § 1367.

## III.     STANDARD OF REVIEW

A complaint is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must construe the complaint in a light most favorable to the nonmoving party, accepting "as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994) (citing *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976)). The nonmoving party, however, must plead more than bare legal conclusions. *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). In order to survive a 12(b)(6) motion, a pleading "must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)). The complaint need not contain detailed factual allegations, but the nonmoving party

must allege facts that, when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

## IV. DISCUSSION

### A. Shular and P. Jewell's Motion to Dismiss

In her Complaint, Klotz asserts the following claims against Shular and P. Jewell: (1) abuse of process, (2) malicious prosecution, and (3) intentional infliction of emotional distress ("IIED"). (Compl. 10-11). Finally, Klotz seeks punitive damages from all defendants in addition to compensatory damages and attorney's fees in connection with the criminal proceedings. (Compl. 11-12).

#### 1. *Abuse of Process*

Shular and P. Jewell argue first that the claim of abuse of process is an insufficient conclusory allegation. (Defs.' Mot. to Dismiss 3-5). The Kentucky Supreme Court has held that "[t]he tort [of abuse of process] is comprised of the following two necessary elements: '(1) an ulterior purpose and (2) a willful act in the use of the process not proper in the regular conduct of the proceeding." *Garcia v. Whitaker*, 400 S.W.3d 270, 276 (Ky. 2013) (citation omitted). In order for Klotz's abuse of process claim to survive Shular and P. Jewell's motion, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citation omitted). It must, therefore, contain factual content that allows the Court to infer that Shular and P. Jewell had an ulterior purpose and committed a willful act in the use of the legal process that was not proper in the regular conduct of the proceeding.

In the Complaint, Klotz simply alleges that Shular and P. Jewell's actions "constitute abuse of process, . . . constitute the irregular or wrongful employment of a judicial

4

proceeding, . . . constitute the employment of the legal process for some other purpose than that which it was intended by the law to effect," and that their actions "were conducted for an ulterior purpose and were a willful act in the use of the process not proper in the regular conduct of a legal proceeding." (Compl. 10-11). These statements, however, constitute "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," and thus "do not suffice." *Ashcroft*, 556 U.S. at 678 (citation omitted).

Klotz asserts one further statement: that Shular and P. Jewell "interjected themselves in the criminal proceedings . . . by wrongfully attempting to delay, and by appearing at pretrial conferences and attempting to induce EMILY D. KLOTZ to stipulate to probable cause." (Compl. 5). While this statement speaks to the requirement of a willful act, it does not contain any factual content that would meet the pleading requirement as to an ulterior motive. With only an assertion of an ulterior motive with no factual basis offered, Klotz's abuse of process claim is insufficient and does not survive Shular and P. Jewell's motion to dismiss.

### 2. *Malicious Prosecution*

Under Kentucky law, the elements of a malicious prosecution claim are as follows:

> (1) the institution or continuation of original judicial proceedings, either civil or criminal, or of administrative or disciplinary proceedings, (2), by, or at the instance, of the plaintiff, (3) the termination of such proceedings in defendant's favor, (4) malice in the institution of such proceeding, (5) want or lack of probable cause for the proceeding, and (6) the suffering of damage as a result of the proceeding.

*Raine v. Drasin*, 621 S.W.2d 895, 899 (Ky. 1981) (citations omitted). There is no argument as to elements one, three, five, and six. A criminal proceeding in Spencer District Court against Klotz occurred. (Compl. 4-5). The proceeding was dismissed. (Compl. 5); *Raine*, 621 S.W.2d at 900 ("[W]e agree with the Court of Appeals that the order [of dismissal] constituted a favorable termination . . . ."). The proceeding was dismissed without a stipulation of probable cause.

(Compl. 5). Klotz suffered damages in the form of attorney's fees in defending the action. (Compl. 12).

As to second element, the only relevant factual assertion in the Complaint that Shular and P. Jewell were involved in the case at all is that they "interjected themselves in the criminal proceedings surrounding the criminal charges pending against [Klotz] in Spencer District Court by wrongfully attempting to delay, and by appearing at pretrial conferences and attempting to induce [Klotz] to stipulate to probable cause." (Compl. 5). Defendants provided as an exhibit to their motion DVDs containing the video record of the hearings held in the criminal action against Klotz. (Notice of Conventional Exhibit, DN 12). The DVDs do not show any participation by Shular or P. Jewell in any of these hearings. Thus, there is no genuine issue of material fact that Shular and P. Jewell did *not* appear at the pretrial conferences.[1] As to Klotz's assertion that Shular and P. Jewell attempted to delay the proceedings, this is a bare allegation unsupported by any facts in the Complaint. Accordingly, there is insufficient factual basis as to the second element of malicious prosecution. Because one of the elements of malicious prosecution has not been sufficiently pleaded, the Court will not undertake an analysis as to the fourth factor. Klotz's

---

[1] Klotz's response asserts that Shular and P. Jewell's motion is a motion for summary judgment because they attached to their motion video of hearings in the criminal action against Klotz in Spencer District Court. (Pl.'s Resp. to Defs.' Mot. to Dismiss Ex. 2). "[M]atters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[ ] . . . may be taken into account" in deciding a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss. *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (first alteration in original) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (internal quotation marks omitted). *See also Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008) (citing *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999)). The Court relies on the hearings only to establish the presence or absence of parties during judicial proceedings, *not* for the truth of the facts recited therein. Therefore, the attachment of the state court record does not convert Shular and P. Jewell's motion to dismiss to a motion for summary judgment.

malicious prosecution claim against Shular and P. Jewell has not been sufficiently pleaded, and the Court will grant the motion to dismiss as to this claim.

### 3. *IIED*

Under state law, the elements of the claim of intentional infliction of emotional distress are: "[t]he wrongdoer's conduct must be intentional or reckless; the conduct must be outrageous and intolerable in that it offends against the generally accepted standards of decency and morality; there must be a causal connection between the wrongdoer's conduct and the emotional distress and the distress suffered must be severe." *Osborne v. Payne*, 31 S.W.3d 911, 913-14 (Ky. 2000). The tort "is intended to redress behavior that is truly outrageous, intolerable and which results in bringing one to his knees." *Id.* at 914 (citation omitted). IIED is a gap-filler. *See Rigazio v. Archdiocese of Louisville*, 853 S.W.2d 295, 298-99 (Ky. App. 1993) (noting that IIED is "a 'gap-filler' providing redress for extreme emotional distress in those instances in which traditional common law actions did not . . . ."). The torts of malicious prosecution and abuse of process could have been available, if sufficient facts had been pled. *See Robinson v. Meece*, No. 2011-CA-001479-MR, 2013 WL 1352073, at *3 (Ky. App. Apr. 5, 2013) ("[T]he facts pled allege that the emotional distress stemmed from assault, false imprisonment, and malicious prosecution. As a result, the complaint did not support an independent action for outrageous conduct."). The existence of these alternative torts precludes a claim for IIED against Shuler and P. Jewell.

Additionally, even absent an applicable cause of action, the facts alleged here are not sufficiently outrageous. Examples of behavior that have been found to constitute outrageous conduct resulting in a successful claim of intentional infliction of emotional distress are: (1) a law enforcement officer harassing the wife of a defendant in a criminal case by surveilling her at

work and home, telling her over the CB radio that he would take her husband to jail, and driving so dangerously as to force her into an opposing lane of traffic;[2] (2) an owner of a building knowingly failing to inform a worker, who worked at the site for four months, that the work area contained asbestos;[3] (3) a defendant engaging in "a plan of attempted fraud, deceit, slander, and interference with contractual rights, all carefully orchestrated in an attempt to bring [the plaintiff] to his knees";[4] (4) a co-worker "subject[ing] [the plaintiff] to frequent incidents of lewd name calling coupled with multiple unsolicited and unwanted requests for homosexual sex";[5] (5) a priest engaging in an adulterous relationship with a wife for whom, with her husband, he was acting as a marital counselor;[6] (6) a defendant entering into a free-lease arrangement with plaintiff wherein she agreed to care for plaintiff's two horses that the plaintiff thought of as children and had cared for 13 years and 14 years, who upon receipt of the horses almost immediately sold them to a slaughter house, and then engaged in a scheme to deceive the plaintiff as to the whereabouts of her horses;[7] and (7) co-workers and management subjecting a plaintiff to nearly eight years of racial indignities.[8]

In light of the severity of the circumstances needed in order for a plaintiff to prevail on an IIED claim, as evidenced by the instances of successful IIED claims cited above, even taking the assertions in the Complaint as true, Klotz's claim of IIED fails. Klotz has not made any factual allegations approaching the level of outrageousness and intolerable conduct necessary to prevail on an IIED claim. The Court will therefore grant the motion to dismiss as to the claim of IIED.

---

[2] *Craft v. Rice*, 671 S.W.2d 247 (Ky. 1984).
[3] *Capital Holding Corp. v. Bailey*, 873 S.W.2d 187 (Ky. 1994).
[4] *Kroger Co. v. Willgruber*, 920 S.W.2d 61 (Ky. 1996).
[5] *Brewer v. Hillard*, 15 S.W.3d 1 (Ky. App. 1999).
[6] *Osborne*, 31 S.W.3d 911.
[7] *Burgess v. Taylor*, 44 S.W.3d 806 (Ky. App. 2001).
[8] *Wilson v. Lowe's Home Ctr.*, 75 S.W.3d 229 (Ky. App. 2001)

### 4. *Punitive Damages*

The Court has held above that there are no viable claims against Shular and P. Jewell in Klotz's Complaint. Absent any viable claims, Klotz may not recover any damages from them, including punitive damages.

### B. R. Jewell and the City's Motion for Judgment on the Pleadings

Klotz asserts the following claims against R. Jewell: (1) wrongful arrest and false imprisonment in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as 42 U.S.C. § 1983, the Kentucky Civil Rights Act ("KCRA"), and the Kentucky Constitution; (2) malicious prosecution; (3) abuse of judicial process; (4) assault; and (5) IIED. (Compl. 5-8, 10-11). Klotz asserts that the City was negligent in hiring, training, supervising, and retaining R. Jewell. (Compl. 8-10). Finally, Klotz seeks punitive damages from all defendants in addition to compensatory damages and attorney's fees in connection with the criminal proceedings. (Compl. 11-12).

### 1. *Claims Against R. Jewell*

#### a. Wrongful Arrest and False Imprisonment – 42 U.S.C. § 1983

R. Jewell argues that Klotz's claims under 42 U.S.C. § 1983 for wrongful arrest and false imprisonment are time-barred. (Defs.' Mot. for J. on the Pleadings 4). "Section 1983 provides a federal cause of action, but . . . federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (citations omitted). Kentucky law provides that the statute of limitations for personal injury torts is one year. KRS 413.140. *See also Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 183 (6th Cir. 1990) (applying KRS 413.140 to a claim arising under 42 U.S.C. § 1983).

9

"[T]he accrual date of a § 1983 action is a question of federal law . . . . Under [common-law tort] principles, it is 'the standard rule that [accrual occurs] when the plaintiff has a "complete and present cause of action."'" *Id.* at 388 (fourth alteration in original) (quoting *Bay Area Laundry & Dry Cleaning Pension Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997) (quoting *Rawling v. Ray*, 312 U.S. 96, 96 (1941))) (citing *Heck v. Humphrey*, 512 U.S. 477, 483 (1994); *Carey v. Piphus*, 435 U.S. 247, 257-58 (1987)). "[A] claim for wrongful arrest under § 1983 accrues at the time of the arrest or, at the latest, when detention without legal process ends." *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wallace*, 549 U.S. at 388).[9]

R. Jewell arrested Klotz on April 15, 2013. (Compl. 5). She was released twelve hours later. (Compl. 5). Her claims for wrongful arrest and false imprisonment thus accrued on either April 15, 2013, or on April 16, 2013.[10] The statute of limitations as to those claims is thus either April 15, 2014, or April 16, 2014. Klotz did not file her Complaint until October 6, 2014. (Compl. 1). Klotz's claims for wrongful arrest and false imprisonment in violation of 42 U.S.C. § 1983 are thus time-barred.

### b.  Wrongful Arrest and False Imprisonment – KCRA

Klotz claims that her wrongful arrest and false imprisonment are also violations of the KCRA. (Compl. 5-6). The KCRA exists "[t]o safeguard all individuals within the state from discrimination because of familiar status, race, color, religion, national origin, sex, age forty (40) and over, or because of the person's status as a qualified individual with a disability as defined in KRS 344.010 and KRS 344.030." KRS 344.020(1)(b). It prohibits such discrimination by

---

[9] "False arrest and false imprisonment overlap; the former is a species of the latter." *Wallace*, 549 U.S. at 388. The Court may thus treat both torts "together." *Id.* at 389.

[10] While R. Jewell and the City assert that Klotz was released on the same day as her arrest (Defs.' Mot. for J. on the Pleadings 4), Klotz's Complaint does not state anything other than that she was released "more than twelve hours" later (Compl. 5); accordingly, she was released either on the same day or the twelve hour period ended on the following morning, April 16, 2013.

employers (KRS 344.040, 344.045), by employment agencies (KRS 344.050), by labor organizations (KRS 344.060), in apprenticeship or training (KRS 344.070), in the advisement for employment (KRS 344.080), in renting or selling public accommodations (KRS 344.120), in the advertisement of goods, services, and accommodations (KRS 334.140), and in restaurants, hotels, motels, or facilities supported by government funds, on the basis of sex (KRS 334.145).

In her Complaint, Klotz did not allege that R. Jewell discriminated against her on the basis of Klotz's status as a member of any of the protected classes listed in KRS 344.020(1)(b), nor does her claim fall within any of the private causes of action listed in the Kentucky Civil Rights Act. Accordingly, her claim of wrongful arrest and false imprisonment as a violation of the Kentucky Civil Rights Act fails.

### c. Wrongful Arrest and False Imprisonment – Kentucky Constitution

Kentucky law does not recognize a private right of action for money damages for violations of the Kentucky Constitution. *St. Luke Hosp., Inc. v. Straub*, 354 S.W.3d 529, 536-37 (Ky. 2011). Accordingly, Klotz's claims for wrongful arrest and false imprisonment in violation of the Kentucky Constitution also fail.

### d. Abuse of Process and IIED

The claims of abuse of process and IIED against R. Jewell are nearly identical to the claims against Shular and P. Jewell. (Compl. 11). The only difference is the addition of duplicative sentences naming solely R. Jewell and the allegation of assault as the basis for Klotz's IIED claim against R. Jewell. (Compl. 7-8). For the reasons discussed above as to the abuse of process claim against Shular and P. Jewell, the same claim against R. Jewell also fails. For the reasons discussed above as to the IIED claim against Shular and P. Jewell, and because Klotz's assault claim fails as discussed below, the IIED claim against R. Jewell also fails.

11

### e. Assault

"Assault is a tort which merely requires the threat of unwanted touching of the victim . . . ." *Banks v. Fritsch*, 39 S.W.3d 474, 480 (Ky. App. 2001) (citation omitted). The only threat of touching alleged in the Complaint is in connection to Klotz's arrest. (Compl. 7). As discussed above, Kentucky law imposes a one-year statute of limitations to tort claims. KRS 413.140. The only threat-of-touch claimed occurred on April 15, 2013. Because the statute of limitations on this claim ran on April 15, 2014, and Klotz did not file this action until October 6, 2014, this claim against R. Jewell is time-barred.

### 2. *Claims Against the City*

In addition to his claims against R. Jewell, Klotz asserts that the City negligently hired, trained, supervised, and retained R. Jewell. (Compl. 8-10).

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible . . . ." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). "[T]he mere allegation that an injury occurred at the hands of police officers does not *ipso facto* state a claim against the municipality employing them." *Wallace v. Louisville/Jefferson Cnty. Metro Gov't*, No. 3:13-CV-1053-S, 2014 WL 29593, at *2 (W.D. Ky. Jan. 3, 2014).

> To properly allege a municipal liability claim, a plaintiff must adequately allege "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance [of] or acquiescence [to] federal rights violations."

*D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014) (alterations in original) (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)).

Klotz alleges the existence of a policy of inadequate training or supervision and the existence of an illegal official policy. (Compl. 8). The only facts asserted in support of the claims against the City are R. Jewell's actions on April 15, 2013, when he arrested Klotz. (Compl. 9). Klotz has provided no factual basis concerning any City policy, let alone that such a policy is illegal or is a policy of inadequate training, supervision, etc. She has simply asserted that such a policy exists and that the City is, accordingly, liable. Because Klotz has not sufficiently pleaded her claims against the City, those claims fail. *See Wallace*, No. 3:13-CV-1053-S, 2014 WL 29593 (dismissing a claim of inadequate training where the plaintiff asserted only that policies were inadequate or not followed but did not include supporting factual allegations).

### C. Other Violations

Finally, Klotz "claims violation of rights that are protected by the laws of Kentucky, such as false arrest, false imprisonment, conspiracy and/or any other claim that may be supported by the allegations of this complaint." (Compl. 12). The Court interprets this catch-all phrase as an invitation for the Court to find causes of action pleaded in the Complaint which are not individually named and addressed. The Court declines the invitation and finds that to the extent a claim has not been discussed in this Memorandum Opinion and Order, it is because it has not been pleaded with sufficient particularity in the Complaint.

### D. Remand

The only claim remaining in this matter is a state-law claim for malicious prosecution against R. Jewell, which has no independent basis for federal jurisdiction. "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing

13

the state law claims, or remanding them to state court if the action was removed." *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (quoting *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996)) (internal quotation marks omitted). It is appropriate for a court to retain jurisdiction over the remaining state-law claims "only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." *Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 F. App'x 580, 584 (6th Cir. 2011) (quoting *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006)) (internal quotation marks omitted).

Defendants removed this case from Spencer Circuit Court less than a year ago. (Notice of Removal, DN 1). The Court has not previously ruled on any dispositive motions, and Klotz's responses to Defendants' motions indicate that discovery has not yet begun. Accordingly, judicial economy does not favor retention of jurisdiction by this Court, nor would multiplicity of litigation result from remanding this matter. The Court will, therefore, remand this case to Spencer Circuit Court.

## V. CONCLUSION

For the reasons detailed above, **IT IS HEREBY ORDERED** that Defendants Marjorie Shular and Penny Jewell's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment (DN 11) and Defendants Rick Jewell and the City of Taylorsville's Motion for Judgment on the Pleadings (DN 13) are **GRANTED**. **IT IS FURTHER ORDERED** that this case be **REMANDED** to Spencer Circuit Court and **STRICKEN** from the Court's docket.

**Greg N. Stivers, Judge**
**United States District Court**
July 27, 2015

cc: counsel of record

14